# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| MARC EMMERICK, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:07-cv-470 (Phillips) |
| S&K FAMOUS BRANDS, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the court on defendant's motion to dismiss [Doc. 4] and memorandum in support thereof. Defendant argues that this suit is barred by the doctrine of res judicata. For the reasons that follow, defendant's motion will be **GRANTED** and this action **DISMISSED**.

### *Background*

Plaintiff Marc Emmerick was briefly employed by defendant S&K Famous Brands, Inc. ("S&K") in 2006. During his employment, plaintiff alleges he was subjected to certain abuses by an Assistant Manager, resulting in injuries to his left arm and shoulder. Plaintiff complained to his superiors, as well as the Human Resources department of S&K, but was denied an application for a worker's compensation claim and subsequently terminated.

On December 8, 2006, plaintiff filed suit against defendant S&K and a non-party to this suit in the Circuit Court for Sevier County, Tennessee. Plaintiff alleged claims of negligent infliction of emotional and physical distress and retaliatory discharge. On January 12, 2007, the defendants removed the action to this court. On October 5, 2007, this court granted defendants' motion for summary judgment and entered judgment in favor of defendants. *Emmerick v. Penley-Groseclose*, No.

3:07-cv-13, 2007 U.S. Dist. LEXIS 74882 (E.D. Tenn. Oct. 5, 2007). The case was dismissed with prejudice, and no timely appeal was taken.

On November 16, 2007, plaintiff filed suit against S&K only, again alleging negligent infliction of emotional and physical distress and retaliatory discharge. S&K removed the action to this court and now moves to dismiss on principles of res judicata. Plaintiff responded in opposition [Doc. 3], arguing that his claim is meritorious as evidenced by the subsequent dismissal of the management team allegedly responsible for his abuses. Plaintiff seemingly argues that the first suit was simply a means for S&K to uncover this wrongdoing, and he should now be permitted to recover for these alleged abuses.

## *Analysis*

When considering a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted," Fed. R. Civ. Pro. 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)).

Because "this case involves successive diversity actions, federal res judicata principles apply." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006); *accord J.Z.G. Res. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996) ("It would be destructive to the basic principles of the Federal Rules of Civil Procedure to say that the effect of a judgment of a federal court was governed by the law of the state where the court sits simply because the source of federal jurisdiction is diversity."). Under federal res judicata principles, " '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been* raised in that action.' " *Rawe*, 462

F.3d at 528 (quoting *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 392, 398 (1981) (emphasis in quotation)). The Sixth Circuit employs "a four-part test for determining whether a subsequent action is barred by the doctrine of res judicata, or to be more precise in this circumstance, claim preclusion." *Id.* To assert successfully that the subsequent action is barred by claim preclusion, defendant must demonstrate:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Id.*

Here, defendant has successfully asserted that plaintiff's claims are precluded under the federal doctrine of res judicata. First, this court, sitting in diversity jurisdiction, entered a final decision on the merits of the prior action on October 5, 2007, in which this court granted defendants' motion for summary judgment, entered judgment for defendants, and dismissed the action with prejudice. Second, the parties in the instant action are the same as in the prior action. Third, these issues were litigated in the prior action. Plaintiff's claims not only stem from the same series of events, but indeed are identical to those alleged in the prior action, and this court addressed these issues in its Memorandum and Order of October 5, 2007. The allegations being identical, the fourth element is also met. Plaintiff had acquired both of his causes of action at the time of the prior suit, evidenced by the fact that the causes in the instant action are identical to those in the former.

In short, the court agrees with defendant that claim preclusion bars this claim and the action must be dismissed. Nevertheless plaintiff, a *pro se* litigant, asks the court not to penalize him for his lack of knowledge of the law and requests that this court grant him the relief requested so that he may seek medical treatment. While this court certainly sympathizes with plaintiff's plight, it is nonetheless bound to follow the rule of the law. As discussed, the doctrine of res judicata bars this suit, and this court cannot hear plaintiff's claim.

In sum, defendant's motion to dismiss [Doc. 4] is **GRANTED** and this action **DISMISSED**.

**IT IS SO ORDERED**.

**ENTER:**

      s/ Thomas W. Phillips
United States District Judge